### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

GINO VELEZ SCOTT,

                Petitioner,

vs.　　　　　　　　　　　　　　　　　　　3:11-cv-1144-J-32PDB
　　　　　　　　　　　　　　　　　　　　3:03-cr-343-J-32PDB

UNITED STATES OF AMERICA,

                Respondent.

_____/

## FINAL ORDER

This case is before the Court on Petitioner Gino Velez Scott's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1)[1] and Memorandum of Law (Doc. 3).  In the previous Order (Doc. 35), entered this date, the Court explained why the instant motion to vacate is "second or successive," but granted Petitioner relief under Fed. R. Civ. P. 60(b)(3) in relation to his first § 2255 proceeding (Case No. 3:06-cv-906-J-32HTS).  For the reasons discussed in the previous Order (Doc. 35), the Court lacks jurisdiction to consider the Brady and Giglio claims raised in the instant motion to vacate.  Consequently, the instant motion to vacate is due to be dismissed.

However, due to the unusual procedural posture of this case, with proceedings continuing in the related case, 3:06-cv-906-J-32HTS, the Court enters this Order separately to reflect that it is the Court's final judgment on the motion to vacate in

---

[1] Citations to Petitioner's criminal case file, United States of America vs. Gino Velez Scott, 3:03-cr-343-J-32HTS-2, are denoted as "Crim. Doc. ___."  Citations to Petitioner's current § 2255 case file, 3:11-cv-1144-J-32PDB, are denoted as "Doc. ___."

Case Number 3:11-cv-1144-J-32PDB for purposes of Fed. R. Civ. P. 54 and 28 U.S.C. § 1291.   If Petitioner wishes to appeal this Court's final order, the Court has determined to grant a certificate of appealability.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS GRANTED

The Court has determined that Petitioner is entitled to a certificate of appealability as to the following issue:

> Whether, under <u>Tompkins v. Sec'y, Dep't of Corrections</u>, 557 F.3d 1257 (11th Cir. 2009), a numerically second motion to vacate is "second or successive" when raising a claim that was previously unavailable because the government withheld evidence relevant to the claim until after the district court resolved the first motion to vacate.

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  <u>Id.</u>  "A [COA] may issue... only if the applicant has made a substantial showing of the denial of a constitutional right."  <u>Id.</u> at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'"  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).  If the district court denies the petition on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, where the district court's decision rests on a procedural ground, a valid COA may issue only if (1) the court issuing the COA finds that the procedural ruling is debatable or wrong, and (2) the court issuing the COA identifies the underlying constitutional issue on which the petitioner has made a substantial showing of a denial of his rights. See Damren v. Florida, No. 13-15017, 2015 U.S. App. LEXIS 871, at *9 (11th Cir. Jan. 21, 2015).

Petitioner has made the requisite showing in these circumstances. Given that Tompkins, on its face, is unclear about whether claims rendered undiscoverable by the government's own conduct are nevertheless considered "second or successive" if brought in a numerically second motion to vacate, and given the conflicting opinions of other circuits, the Court opines that jurists of reason could find its procedural ruling that Petitioner's motion is an unauthorized "second or successive" petition to be debatable or wrong. The Court further opines that Petitioner has made a sufficiently substantial showing of the denial of a constitutional right, that is, his Fifth Amendment right to a fair trial on account of potential Brady and Giglio violations committed by the government during the trial. The Court's procedural ruling entails the possibility that Petitioner will be denied review of these constitutional claims. Therefore, the Court opines that its procedural ruling is debatable, and coupled with potentially meritorious constitutional claims under

3

Brady and Giglio, Petitioner is entitled to a COA.  Because Petitioner is entitled to a certificate of appealability, he is also entitled to appeal in forma pauperis.

Accordingly, it is hereby **ORDERED:**

1. For the reasons stated in the previous Order (Doc. 35), entered this date, Petitioner Gino Velez Scott's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to refile upon receiving permission from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. §§ 2255(h)(1) and 2244(b).[2]

2. The Clerk shall close the file in Case No. 3:11-cv-1144-J-32PDB.

3. A certificate of appealability is **GRANTED** as to the issue described herein.[3]

4. As Petitioner is represented by the Office of the Federal Public Defender and is entitled to a certificate of appealability, the Court further approves Petitioner to proceed in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of January,

---

[2]     If appointed counsel for Petitioner believes that applying to the Eleventh Circuit Court of Appeals to file a successive motion to vacate is warranted, counsel's appointment extends to that effort as well.

[3]     The Court also continues its appointment of the Office of the Federal Public Defender for the purpose of appealing the Court's decision to dismiss Petitioner's second motion to vacate as "second or successive" in Case No. 3:11-cv-1144-J-32PDB, if such an appeal is warranted.

2015.

TIMOTHY J. CORRIGAN
United States District Judge


lc 19

Copies:
Counsel of record
Pro se party